ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| LACUAS LLC<br>Peticionario<br><br>v.<br><br>ANGELA MARIE TORRES COLÓN<br>Recurrido | KLCE202301464 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso Número: MZ2022CV00980<br><br>Sobre: Acción Civil |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Comparece ante esta Curia, Lacuas, LLC (Lacuas o peticionaria) y solicita que revoquemos la *Orden Relevo de Sentencia*[1] que emitió y notificó el Tribunal de Primera Instancia, Sala de Mayagüez (TPI o foro primario) el 4 de octubre de 2023. Mediante su dictamen, el foro primario declaró Ha Lugar la solicitud de relevo de sentencia[2] que instó Angela Marie Torres Colón (Sra. Torres Colón o recurrida) y dejó sin efecto la *Sentencia en Rebeldía*[3] emitida el 10 de febrero de 2023.

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*. Veamos.

## I.

El 4 de julio de 2022, Lacuas presentó una acción civil en contra de la Sra. Torres Colón.[4] Entre otros, solicitó al TPI que ordene a la Sra. Torres Colón dar cumplimiento específico al

---

[1] Apéndice, págs. 171-172.
[2] Apéndice, págs. 153-159.
[3] Apéndice, págs. 66-70.
[4] Apéndice, págs. 1-6. Cabe señalar que la referida demanda fue objeto de enmienda. Véase, Apéndice, págs. 19-25.

Número Identificador:

RES2024_____

*Contrato de Distribución de Ganancias*[5] otorgado entre las partes y a abstenerse de tomar decisiones unilaterales sobre la administración del negocio. A pesar de haber sido emplazada personalmente, la Sra. Torres Colón no contestó la demanda oportunamente, ni cumplió con las dos prórrogas que concedió el foro primario a esos efectos.

Sobre tales bases, Lacuas solicitó al TPI que le anotara la rebeldía.[6] En respuesta, el 10 de febrero de 2023, el foro primario notificó la correspondiente *Sentencia en Rebeldía.*[7] Poco después, Lacuas instó una *Moción acreditando diligenciamiento de sentencia en rebeldía y su notificación.*[8] En ella hizo constar que, a la fecha en que el TPI notificó el referido dictamen, la Sra. Torres Colón había sido ingresada en el Complejo de Rehabilitación para Mujeres de Bayamón. Allí también, Lacuas expresó haber diligenciado, mediante entrega personal, una copia de la *Sentencia en Rebeldía* y su notificación a la Sra. Torres Colón, en el lugar en donde se encontraba ingresada.

Posteriormente, y a solicitud de Lacuas,[9] el foro primario emitió una orden y mandamiento de ejecución de sentencia.[10] En reacción, la Sra. Torres Colón instó una *Moción civil por propio derecho.*[11] En ella expuso que, fue ingresada en el Centro Médico Correccional de Bayamón, producto de un procedimiento bajo la Regla 240 de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 240. Detalló que fue diagnosticada con un desorden de bipolaridad, que está incapacitada mentalmente, que a esa fecha residía con sus dos hijos menores de edad y que por su salud mental no recuerda qué documentos ha firmado.

---

[5] Apéndice, págs. 26-33.
[6] Apéndice, págs. 59-61.
[7] Apéndice, págs. 64-70.
[8] Apéndice, págs. 71-76.
[9] Véase, *Moción en solicitud de ejecución de sentencia,* Apéndice, págs. 77-80; *Moción reiterando solicitud de sentencia,* Apéndice, págs. 82-85.
[10] Apéndice, págs. 87-95.
[11] Apéndice, pág. 96.

Separadamente, la Sra. Torres Colón presentó su *Contestación de Sentencia en Rebeldía.*[12] Entre otros, aseguró haber redactado su oposición a la *Sentencia en Rebeldía* la cual presuntamente el Sociopenal del Complejo de Rehabilitación para Mujeres de Bayamón no notificó al TPI. Añadió que el Sr. Damon R. Becnel, principal de Lacuas, fue su tutor legal en el año 2019. Afirmó además que, debido a su trastorno bipolar desde joven, había sido declarada legalmente incapaz por el foro de instancia. Para acreditar su estado de salud mental, anejó una copia de una carta firmada por la Dra. Millan J. García Cuevas. Basado en lo anterior, solicitó al TPI invalidar el contrato otorgado entre las partes objeto del presente litigio.

Luego de varias incidencias procesales que no es necesario pormenorizar, la Sra. Torres Colón instó por derecho propio una *Moción en solicitud de relevo de sentencia,*[13] fundamentada en su incapacidad mental. En respuesta, el TPI ordenó a Lacuas exponer su posición[14] y a la Sra. Torres Colón presentar evidencia médica de lo informado en su moción.[15] En cumplimiento con lo ordenado, la Sra. Torres Colón presentó una *Moción en solicitud de revisión de sentencia.*[16] Anejó a su petitorio una imagen de radiografía del daño cerebral hallado en su lóbulo frontal.[17] Incluyó, además, un formulario de Psychological Counseling Services para evidenciar el diagnóstico de desorden bipolar.[18]

Al cabo de varios meses, la Sra. Torres Colón, representada por una abogada, instó una moción en la cual reiteró su solicitud de relevo de sentencia.[19] Junto a su escrito, anejó una copia de la solicitud bajo la Regla 240, *supra,* instada el 12 de diciembre de

---

[12] Apéndice, págs. 97-114.
[13] Apéndice, pág. 122.
[14] Apéndice, pág. 123.
[15] Apéndice, pág. 124.
[16] Apéndice, págs. 129-130.
[17] Apéndice, págs. 131-132.
[18] Apéndice, pág. 133.
[19] Apéndice, págs. 153-159.

2022 en el Caso Núm. ISCR202000343-344;[20] copia de un certificado médico de la Dra. Vannessa Pagán Ocasio;[21] una *Resolución y Orden* del TPI disponiendo el traslado e ingreso de la Sra. Torres Colón al Hospital de Psiquiatría Forense de Ponce para evaluación y tratamiento;[22] entre otros documentos.

Evaluado lo anterior, el TPI emitió una *Orden Relevo de Sentencia*[23] producto de la cual declaró Ha Lugar el petitorio de la Sra. Torres Colón. Como fundamento expuso:

> [e]valuada la presente Moción a la que no expresó oposición la parte demandante a pesar de habérsele concedido término para hacerlo, en conjunto con las [sic] Moción en Solicitud de Revisión de Sentencia del 8 de agosto de 2023 en la que la parte demandada presenta evidencia médica sobre su alegada condición de salud mental y las circunstancias que le impidieron comparecer en término al presente pleito. Sobre dicha Moción, la parte demandante tampoco fijó posición. Advenido además en conocimiento este Tribunal, que el representante autorizado de la corporación demandante, en el presente pleito el Sr. Damon Becnel fue el tutor de la parte demandada, existen dudas sobre la condición de salud mental de la parte demandada que deberán ser aclaradas dando oportunidad para ello en su día, en un juicio.
>
> Las circunstancias del caso no revel[a]n ánimo contumaz y temerario de la parte demandada en no comparecer y la totalidad de las circunstancias revelan que existen razones para que este caso se deba dilucidar en sus méritos.
> [...]

Inconforme, Lacuas instó un petitorio de reconsideración.[24] En síntesis, argumentó que no procede relevar a la Sra. Torres Colón de la anotación de rebeldía debido a que, la moción de relevo que cumplió con la Regla 49.2 de las Reglas de Procedimiento Civil, 32 LPRA, Ap. V, R. 49.2, fue presentada vencido el término de 180 días que provee dicha regla. Alegó que la Sra. Torres Colón se cruzó de brazos al no recurrir oportunamente del dictamen en su contra. Adujo además que, la Sra. Torres Colón presentó documentos y

---

[20] Apéndice, págs. 160-162.
[21] Apéndice, pág. 155.
[22] Apéndice, pág. 169.
[23] Apéndice, págs. 171-172.
[24] Apéndice, págs. 175-186.

alegaciones incompletas y remotas, especulaciones y conjeturas insuficientes para relevarla de la sentencia previamente dictada.

Luego de varias incidencias procesales, el TPI notificó una *Orden*[25] el 6 de diciembre de 2023 mediante la cual se negó a reconsiderar su dictamen. En desacuerdo, Lacuas insta ante nos el presente recurso junto a una *Urgente moción en auxilio de jurisdicción.* Ello, a los efectos de que paralicemos los procedimientos ante el TPI hasta tanto dispongamos de su petición de *certiorari.* En su recurso señala la comisión de tres errores, a saber:

> Erró el TPI al conceder un relevo solicitado fuera del término de 180 días. *No puede la Demandada-Recurrida suplementar lo inexistente.*
>
> Erró el TPI al relevar a la Demandada-Recurrida de la Sentencia.
>
> Erró el TPI al resolver que procedía la moción solicitando el relevo de la sentencia a pesar de que no cumplía con los requisitos de la Regla 49.2 de Procedimiento Civil y ser tardía la misma.

El 28 de diciembre de 2023 emitimos una *Resolución* en la cual denegamos la solicitud de auxilio de jurisdicción y concedimos un término a la Sra. Torres Colón para fijar su posición. En su *Oposición*, la Sra. Torres Colón expone que, Lacuas obtuvo contrario a derecho una sentencia en contra de una persona incapaz. Arguye que, la sentencia de la cual solicita el relevo es nula debido a la incapacidad mental de la Sra. Torres Colón.

## II.

### A. Expedición de la Petición de *Certiorari* post sentencia

Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones, mediante auto de *certiorari. Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023). El recurso de *certiorari* es un auto procesal extraordinario, por el cual,

---

[25] Apéndice, pág. 222.

un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1; *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, 2023 TSPR 65, resuelto el 8 de mayo de 2023; *Torres González v. Zaragoza Meléndez,* supra.

Las Reglas de Procedimiento Civil establecen que, el Tribunal de Apelaciones expedirá el recurso de *certiorari,* cuando el peticionario recurra de una resolución u orden sobre remedios provisionales, *injunctions* o de la denegatoria de mociones dispositivas. *Torres González v. Zaragoza Meléndez,* supra. En ese sentido, el auto de *certiorari* es limitado y excluye aquellas determinaciones interlocutorias que, pueden esperar hasta la determinación final del tribunal para formar parte de un recurso de apelación. *800 Ponce de León v. AIG*, 205 DPR 163 (2020). El delimitar la revisión, a instancias específicas, tiene como propósito evitar la dilación que causaría la revisión judicial de controversias, que, pueden esperar a ser planteadas a través del recurso de apelación. *Scotiabank v. ZAF Corp.*, et al., 202 DPR 478 (2019).[26]

Ahora bien, la Regla 52.1 de Procedimiento Civil de 2009, *supra,* establece excepciones que permiten la revisión de: (1) decisiones sobre admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) asuntos de interés público y (6) situaciones en la cuales esperar a la apelación constituye un fracaso irremediable a la justicia. *800 Ponce de León v. AIG*, supra.

Como puede observarse, la Regla citada no contempla los **dictámenes posteriores a la sentencia**, por lo que, el Tribunal de

---

[26] Citando a *Mun. de Caguas v. JRO Construction*, supra; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 729 (2017).

Apelaciones como resultado al determinar si procede la expedición de una petición de certiorari es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *IG Builders et al. v. BBVAPR,* 185 DPR 307, 339 (2012). De imponerse las limitaciones de la Regla 52.1, *supra,* a la revisión de dictámenes post sentencia, tales determinaciones inevitablemente quedarían sin posibilidad alguna de revisión apelativa. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra. En tal sentido, es preciso enfatizar que, si bien el auto de *certiorari* es un mecanismo procesal discrecional, dicha discreción del foro revisor no debe hacer abstracción del resto del derecho. *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 711 (2019).

Cabe destacar que, el examen que hace este Tribunal, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra.* Véase, además, *Mun. de Caguas v. JRO Construction,* supra. A fin de que, este Tribunal pueda ejercer su discreción de manera prudente, la Regla 40 del Reglamento de Apelaciones, *supra,* establece los criterios que deberán ser considerados, al determinar si procede o no expedir un auto de *certiorari.*[27] Los referidos criterios establecidos en la citada Regla 40 son los siguientes:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

---

[27] Véase, *Mun. de Caguas v. JRO Construction, supra,* pág. 712.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Como ya indicamos, los criterios antes transcritos, nos sirven de guía para poder determinar si procede o no intervenir en el caso, en la etapa del procedimiento en que este se encuentra. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). De esta manera, el foro apelativo deberá ejercer su facultad revisora, solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* supra.

**III.**

Luego de un examen sosegado de la *Petición de certiorari,* la correspondiente oposición y los documentos que forman parte del apéndice, determinamos no expedir el auto solicitado.

Ante las circunstancias tan particulares de este caso en el que se reflejan situaciones atinentes a la condición de salud mental de la demandada y la procedencia de la anotación de rebeldía bajo este escenario, así como la suficiencia de la notificación de la sentencia en rebeldía, realizada por el tribunal, a una dirección distinta al lugar en donde se encontraba la demandada -en una institución carcelaria- hecho conocido por el demandante, lo razonable es no ejercer nuestra función revisora en esta etapa de los procedimientos. Añádase a ello que, el principal ejecutivo de Lacuas, Inc. Sr. Becnel aceptó haber ejercido como tutor de la señora Torres Colón en el 2019.[28]

Por todo lo antes, no identificamos un factor determinante que nos obligue a ejercer nuestra discreción para revertir el dictamen

---

[28] Véase Apéndice pág. 117.

impugnado. Dado que Lacuas tampoco nos ha puesto en posición de determinar que los fundamentos que expuso el TPI en su dictamen son arbitrarios, caprichosos o que constituyen un abuso de discreción, lo razonable es abstenernos de ejercer nuestra función revisora en esta etapa de los procedimientos. Al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no identificamos fundamento alguno que justifique la expedición del auto de *certiorari* en aras de evitar un fracaso a la justicia. Reiteramos que, lo antes no prejuzga los señalamientos que tengan a bien presentar ambas partes dentro de un debido proceso de ley y en una etapa posterior.

**IV.**

Por todo lo anterior, denegamos la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones